**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CANAL INSURANCE COMPANY** **PLAINTIFF**

**v.** **No. 4:23-cv-1029-DPM**

**MARVIN PATTERSON and GEORGE PATTERSON** **DEFENDANTS**

# ORDER

This seemingly straightforward coverage case has been vexed from the start. The Court summarized the dispute in a prior Order.

> Marvin and George Patterson were in a single-vehicle accident in Marvin's company truck while on company business. Marvin was driving. Canal insured the truck. George sued Marvin in a Mississippi state court, saying he was injured in the accident. In turn, Canal has sued the Pattersons here, seeking a declaratory judgment that it owes no responsibility to defend or indemnify in the state case.

*Doc. 27 at 1.* Marvin answered, *pro se*, saying he had two heart attacks at the wheel and didn't want to sue anybody. (He also cast some doubt on his brother George's claimed injuries, but that's an issue for another day.) Service on George was a challenge. In a seven-month period, Canal attempted service by mail or in person nineteen times. The Court

denied two motions for service by Warning Order, but eventually agreed to this last-resort method. The Court said, "Canal Insurance must follow the terms of the Arkansas Rule of Civil Procedure 4(g)(3)(A)–(D) exactly—and then some." *Doc. 19 at 1.* The "then some" was also serving George by first class mail at all known addresses and by email (with tracking) at any available address. *Doc. 19 at 1–2.* Canal proceeded. George never answered.

In due course, Canal sought judgment as a matter of law against him based on his default and against Marvin based on his abandonment of any coverage claim. The Court granted the motion and entered Judgment. In studying the record while considering George's pending second motion to alter or amend the Judgment, plus reconsidering its denial of his first such motion, the Court has prepared a timeline. See the Appendix.

This Court made a mistake. It did not scrutinize Canal's post-Warning Order steps closely enough. No service affidavit was filed by Canal or its lawyers; the supporting affidavit was the proof of publication from the newspaper's business manager. *Doc. 21-1.* No one attested to the post-Warning Order mailing to George. Most importantly, nothing of record shows that Canal served the Warning Order and the complaint on George by *certified* mail.

*

The governing Arkansas Rule requires a particular kind of mail.

> The party seeking judgment shall cause the warning order to be published weekly for two consecutive weeks in a newspaper having general circulation in the county where the action is filed and to be sent, with a copy of the complaint, to the defendant or interested person at his or her last known address *by certified mail as provided in paragraph (1)(A)(i) of this subdivision.*

Ark. R. Civ. P. 4(g)(3)(B)(i) (emphasis added). It also requires an affidavit from a party or counsel attesting to mailing by that method. Ark. R. Civ. P. 4(g)(3)(D). The supplemented record shows only service by first class mail. *Doc. 31-2.* That was part of the Court's required "then some" extra efforts to increase the chance of actual notice. Whether received or not, the many letters sent first class to George's various addresses did not comply with the Arkansas Rule "exactly". *Doc. 19 at 1.*

In default circumstances, Arkansas law requires strict compliance with the applicable parts of Rule of Civil Procedure 4. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, at 3–4, 488 S.W.3d 535, 538. The books contain specific examples. Reporter's Notes, 2019 Amendment of Rule 4(g)(1)(A)(i) (certified mail required); *Self v. Hustead*, 2017 Ark. App. 339, at 4–8, 525 S.W.3d 33, 36–38 (insufficient pre-Warning Order affidavit); *McCue v. Dominguez*, 2022 Ark. App. 332, at 11–13, 653 S.W.3d 372, 379–80 (six judge panel) (insufficient

Warning Order and post-service affidavit). The Arkansas Rule's tolerance for substantial compliance when the defendant had actual notice of the lawsuit, and filed a timely answer, Ark. R. Civ. P. 4(k), doesn't apply. George didn't answer. Reporter's Notes, 2019 Amendment of Ark. R. Civ. P. 4(k).

Because Canal didn't comply exactly with Ark. R. Civ. P. 4(g)(1)(A)(i) & (3)(B)(i)'s requirements on the mailing method, this Court never acquired personal jurisdiction over George. The Court stumbled in entering Judgment against him. As to George, the Judgment is void.

*

George's second motion to alter or amend, *Doc. 33*, is granted. Fed. R. Civ. P. 60(b)(4). The Court vacates its April 2025 Judgment, *Doc. 28*. (Marvin has waived any argument, claim, or defense about coverage. But the Court vacates the whole Judgment to avoid any preclusion tangle on the brothers' common issues about coverage.) The Court also vacates that part of its final Order, *Doc. 27*, dealing with George, and its Order, *Doc. 32*, denying George's first Rule 60(b) motion.

For good cause, the Court also reopens and extends Canal's time to serve George until 31 August 2026. Fed. R. Civ. P. 4(m). In the circumstances, to move things along the Court requests that George's

lawyer accept service. This old case needs to be fast tracked. Trial will be set for 8 February 2027. An Amended Final Scheduling Order will issue.

So Ordered.

D.P. Marshall Jr.
United States District Judge

31 July 2026

## APPENDIX – THE TIMELINE

- 17 December 2021 .......... Single-vehicle accident involving the Patterson brothers. *Doc. 1 at 1–2.*

- 22 February 2022 ............ Maggio Thompson, LLP sent preservation letter to Canal Insurance. *Doc. 29-1.* It notified Canal that the firm was retained to protect George Patterson's interests regarding the accident. *Ibid.*

- 18 April 2022 .................... Canal sent letter to Maggio Thompson. *Doc. 29-2.* It acknowledged receipt of the firm's letter. *Ibid.*

- 21 December 2022 .......... George sued Marvin Patterson in Tunica County, Mississippi. *Doc. 1 at 6.*

- 21 September 2023 ......... Canal's lawyer reached out to Mike Saltaformaggio (George's lawyer) to ask about potential early resolution of Mississippi case. *Doc. 29-3.*

- 26 October 2023 .............. Canal filed this case, *Canal Insurance Company v. Patterson*, No. 4:23-cv-1029-DPM. *Doc. 1.*

- 15 November 2023 ......... Marvin was served. *Doc. 11.* First service attempt on George failed. *Doc. 8 at 2.*

- 29 November 2023 ......... Second service attempt on George failed. *Doc. 9 at 2.*

- 30 November 2023 ......... Third service attempt on George failed. *Doc. 9 at 2.*

- 4 December 2023 ............ Marvin answered. *Doc. 3.* Fourth, fifth, and sixth service attempts on George failed. *Doc. 9 at 2.*

- 8 December 2023 ............ Seventh service attempt on George failed. *Doc. 9 at 2.*

- 9 December 2023 ............ Eighth service attempt on George failed. *Doc. 9 at 2.*

- 12 December 2023 .......... Ninth service attempt on George failed. *Doc. 9 at 2.*

- 17 December 2023 .......... Tenth service attempt on George failed. *Doc. 9 at 2.*

- 8 January 2024 ................ Canal moved to serve George by Warning Order. *Doc. 4.*
- 25 January 2024 .............. Motion to serve by Warning Order denied. Service period extended to 29 February 2024. *Doc. 5.*
- 6 February 2024 .............. Eleventh service attempt on George failed. *Doc. 10 at 2.*
- 7 February 2024 .............. Twelfth and thirteenth service attempts on George failed. *Doc. 10 at 2.*
- 12 February 2024 ............ Fourteenth service attempt on George failed. *Doc. 10 at 2.*
- 13 February 2024 ............ Fifteenth service attempt on George failed. *Doc. 10 at 2.*
- 14 February 2024 ............ Sixteenth service attempt on George failed. *Doc. 10 at 2.*
- 19 February 2024 ............ Seventeenth service attempt on George failed. *Doc. 10 at 2.*

- 22 February 2024 ............ Canal moved, for a second time, to serve George by Warning Order. *Doc. 6.* Motion denied. Service period extended to 29 May 2024. *Doc. 7.*

- 21 April 2024 ................... Eighteenth service attempt on George failed. *Doc. 12 at 2.*

- 23 May 2024 .................... Canal moved to extend service period to 29 August 2024. *Doc. 13.* Motion granted. *Doc. 14.*

- 29 June 2024 .................... Nineteenth service attempt on George failed. *Doc. 17 at 2.*

- 8 August 2024 ................. Canal moved, for a third time, to serve George by Warning Order. *Doc. 18.*

- 19 August 2024 ............... Court granted Canal's motion for Warning Order, and extended service period to 28 October 2024. *Doc. 19.* Court issued Warning Order for publication. *Doc. 20.*

- 22–29 September 2024 ... Canal had the Warning Order published in the Pine Bluff Commercial weekly for two consecutive weeks. *Doc. 21-1 at 1.*

- 9 October 2024 ................ Canal filed proof of publication, with an affidavit from the Pine Bluff Commercial. *Doc. 21-1.*

- 31 October 2024 .............. Canal's lawyer e-mailed George's lawyers at Maggio Thompson a copy of the Warning Order and complaint. *Doc. 31-1.* According to George's lawyers, they didn't get the email.

- 7 November 2024 ........... Canal sent copies of the Warning Order and complaint to George's thirteen potential addresses by first-class mail. *Doc. 31-2.*

- 25 February 2025 ............ Canal moved for Judgment on the pleadings. *Doc. 23.*

- 22 April 2025 ................... Court granted Judgment on the pleadings. *Doc. 27.* Court entered Judgment for Canal against Marvin and George (by default). *Doc. 28.*

- 30 June 2025 .................... Canal's lawyers copied Maggio Thompson's lawyers on an e-mail saying that Canal had no duty to indemnify Marvin in the Mississippi lawsuit. *Doc. 29-4.*

- 17 November 2025 ......... George moved to vacate the 22 April 2025 Order and Judgment. *Doc. 29.*

- 26 November 2025 ......... Canal responded. *Doc. 31.*

- 12 January 2026 .............. Court denied Canal's motion to alter Judgment. *Doc. 32.*

- 23 January 2026 .............. George moved, for a second time, to alter the Judgment. *Doc. 33.*

- 6 February 2026 .............. Canal responded. *Doc. 35.*